UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| KRG DRAPER PEAKS, LLC, A DELAWARE LIMITED LIABILITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>STF DRAPER, LLC, a Utah limited liability company dba THE SWEET TOOTH FAIRY OF DRAPER; MEGAN FAULKNER BROWN, an individual; and ETHAN KELLY BROWN, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S EX PARTE MOTION TO SERVE DEFENDANTS BY ALTERNATIVE MEANS (DOC. NO. 8)<br><br>Case No. 2:20-cv-00659-DAO<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Plaintiff's Ex Parte Motion to Serve Defendants by Alternative Means ("Mot.," Doc. No. 8). Plaintiff also filed a supplemental memorandum in support of its motion. (Suppl. Memo. in Support of Mot. to Serve Defs. by Alternative Means ("Suppl. Mem."), Doc. No. 10.) As set forth in the briefing and supporting declarations and exhibits, Plaintiff attempted to serve the registered agent of Defendant STF Draper, LLC ("STF Draper") at several addresses listed with the Utah Division of Corporations, but the addresses were incorrect. (Mot. 2, Doc. No. 8; Aff. of Todd Oram in Support of Mot. ("Oram Aff.") ¶ 2, Doc. No. 8-1.) Plaintiff also made numerous unsuccessful attempts to serve Defendants Megan Brown and Ethan Brown, who are managers of STF Draper, at several addresses listed for them in Plaintiff's records and those of the Utah Division of Corporations. (Mot. 2–3, Doc. No. 8; Oram Aff. ¶ 2, Doc. No. 8-1.) Plaintiff also sent emails to the email addresses listed on the website for The Sweet Tooth Fairy (a dba of STF Draper) requesting Defendants waive service. (Suppl. Mem. 2–3, Doc. No.

1

10; Aff. of David L. Pinkston in Support of Suppl. Mem. ("Pinkston Aff.") ¶¶ 3–5, Doc. No. 10-5.) Mr. Brown then called Plaintiff's counsel and provided his email address. (Suppl. Memo. 5, Doc. No. 10; Pinkston Aff. ¶¶ 7–8, Doc. No. 10-5.) Mr. Brown responded to Plaintiff's counsel's email sent to that address and stated he was retaining counsel, but he did not agree to waive service. (Suppl. Memo. 5, Doc. No. 10; Pinkston Aff. ¶¶ 9–11, Doc. No. 10-5.) Plaintiff now seeks leave to serve Defendants by first class mail and email to all of the physical and email addresses it currently possesses for Defendants. (Suppl. Memo. 5, Doc. No. 10, Doc. No. 10-5.)

Federal Rule of Civil Procedure 4(e) governs serving an individual, and Federal Rule of Civil Procedure 4(h) governs serving a corporation, partnership, or other unincorporated entity. Rule 4(h)(1)(A) permits service of such entities "in the manner described in Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e) provides that service may be completed on an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In this case, Plaintiff filed his complaint in the District of Utah. Therefore, Utah law applies.

Utah Rule of Civil Procedure 4(d)(5)(A) provides that "[i]f the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence . . . or if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means." Utah R. Civ. P. 4(d)(5)(A). The motion must include "[a]n affidavit or declaration supporting the motion [setting] forth the efforts made to identify, locate, and serve the party." *Id.* Additionally, Rule 4(d)(5)(B) provides:

> If the motion is granted, the court will order service of the complaint and summons by means reasonably calculated, under all the circumstances, to apprise the named

parties of the action. The court's order must specify the content of the process to be served and the event upon which service is complete. Unless service is by publication, a copy of the court's order must be served with the process specified by the court.

Utah R. Civ. P. 4(d)(5)(B).

Plaintiff has met its burden to make reasonably diligent efforts to locate and serve Defendants by making multiple attempts to serve them at the addresses listed with the Utah Division of Corporations and uncovered through Plaintiff's investigations, as well as by attempting to contact Defendants through email. Moreover, the alternative service methods proposed by Plaintiff are reasonably calculated under the circumstances to apprise Defendants of this action.

For these reasons, the court GRANTS the motion and ORDERS that Defendants STF Draper, Megan Brown, and Ethan Brown may be served as follows:

(1) By mailing via first class mail the summons, the complaint, and a copy of this order to the following addresses:

   a. The address for the registered agent of STF Draper, Executive Management Services, LLC, listed with the Division of Corporations, which is 57 West 200 South, Ste. 350, Salt Lake City, UT 84101.

   b. Another address for the registered agent of STF Draper, Executive Management Services, LLC, listed with the Division of Corporations, which is 222 S. Main Street, Suite 500, Salt Lake City, UT 84101.

   c. The address listed for the Browns in the records of Draper Peaks, 870 North 1100 East, Provo, UT 84604.

   d. An address listed for the Browns with the Division of Corporation, 3451 Hillside Drive, Lehi, UT 84043.

    e.    The address believed to be the current address for the Browns, 2960 North 600 East, Lehi, UT 84043.

(2) By sending the summons, the complaint, and a copy of this order to Defendants at the following email addresses three times per week for two consecutive weeks, not more often than once every other day (unless a written response is received acknowledging receipt of service on behalf of all Defendants):

hello@thesweettoothfairy.com
bluffdale@thesweettoothfairy.com
megan@thesweettoothfairy.com
ebrown@thesweettoothfairy.com

(3) Upon completion of these steps, Plaintiff shall file proof of compliance with the court's order.

(4) The deadline to complete service is extended to **March 31, 2021**.

DATED this 17th day of February, 2021.

                    BY THE COURT:

                    *Daphne A. Oberg*
                    Daphne A. Oberg
                    United States Magistrate Judge